HARVEY P. SACKETT (72488)

**SACKETT AND ASSOCIATES**
A PROFESSIONAL LAW CORP.

548 Market Street, Suite 38822
San Francisco, California 94104-5401
Telephone: (408) 295-7755
Facsimile:  (408) 295-7444

Attorney for Plaintiff

/as

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN A. MARTIN, <br><br> Plaintiff, <br><br> v. <br><br> ANDREW SAUL, <br> Commissioner of Social Security, <br><br> Defendant. | No. 2:19-cv-0994-DB <br><br> STIPULATION AND ORDER FOR THE AWARD AND PAYMENT OF ATTORNEY FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT, 28 U.S.C. § 2412(d) |

      On October 22, 2020 this Court issued an order reversing the final decision of the Defendant, Andrew Saul, the Commissioner of Social Security (Commissioner), with a remand for a rehearing, 42 U.S.C. § 405(g) (sentence four); judgment was entered.

      In the interest of administrative and judicial economy, the parties have agreed to stipulate that an award of FIVE THOUSAND ($5,000.00) in attorney fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), is reasonable.  This award is without prejudice to Plaintiff's right to seek attorney's fees under section 206(b) of the Social Security Act, 42 U.S.C. § 406(b), subject to the offset provisions of the EAJA.  However, this award shall constitute a

1

complete release from and bar to any claims Plaintiff may have relating to EAJA fees and costs. Further, such award shall not be used as precedent in any future cases, nor be construed as a concession by the Commissioner that the original administrative decision denying benefits to Plaintiff was not substantially justified.

After the Court issues an order for EAJA fees to Plaintiff, the Government will consider the matter of Plaintiff's assignment of EAJA fees to Harvey P. Sackett ("Counsel").  Pursuant to Astrue v. Ratliff, 560 U.S. 586 (2010), the ability to honor an assignment will depend on whether the fees are subject to any offset allowed under the United States Department of the Treasury's Offset Program.  After the order for EAJA is entered, the Government will determine whether they are subject to offset.  Fees shall be made payable to Plaintiff, but if the Department of Treasury determines Plaintiff does not owe a federal debt, then the Government shall cause the payment of fees, expenses, and costs to be made payable directly to Counsel, pursuant to the assignment executed by Plaintiff.  Any payments made shall be delivered and made payable to Counsel.

Accordingly, Defendant agrees to pay Plaintiff $5,000.00 in attorney's fees.

All parties whose signature lines appear in this document have consented to its filing. This award is without prejudice to the rights of Sackett and Associates and/or Harvey P. Sackett to seek Social Security Act attorney fees under 42 U.S.C. § 406(b), subject to the savings clause provisions of the EAJA.

Dated: December 22, 2020         SACKETT AND ASSOCIATES

/s/ *HARVEY P. SACKETT*
HARVEY P. SACKETT
Attorney for Plaintiff
JOHN A. MARTIN

Dated: December 22, 2020         ASIM H. MODI
United States Attorney

STIPULATION AND ORDER FOR THE AWARD AND PAYMENT OF ATTORNEY FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT, 28 U.S.C. § 2412(d)

By: /s/ASIM H. MODI
ASIM H. MODI
Special Assistant United States Attorney
Attorneys for Defendant
[*as authorized by e-mail on 12/22/20]

**ORDER**

Pursuant to the parties' stipulation, IT IS SO ORDERED.

DATED: January 4, 2021        /s/ DEBORAH BARNES
                              UNITED STATES MAGISTRATE JUDGE

3

STIPULATION AND ORDER FOR THE AWARD AND PAYMENT OF ATTORNEY FEES
PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT, 28 U.S.C. § 2412(d)